IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01222-WDM-MJW

RAPTOR EDUCATION FOUNDATION,

     Plaintiff,

vs.

ROCKY MOUNTAIN RAPTOR PROGRAM,

     Defendant.

---

## STIPULATION AND PROTECTIVE ORDER ( Docket No 29-1 )

The parties, through Counsel of Record, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and as grounds therefore, state as follows:

    1.    In this action, both of the parties have sought and/or are seeking Confidential Information (as defined in paragraph 2 below). The parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' privacy interests, or that of their respective members. The parties have entered into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, list, file, portions of files, transcribed testimony, or response to a discovery request or through informal discovery, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the parties in the manner provided in paragraph 3 below as containing confidential and sensitive business or personal information, including information about membership lists, names, addresses and/or affairs; market research; revenue cost, income, margin, profit, loss, balance sheets, cash flow, sources and uses of cash, or other non-public financial data; financial projections and forecasts; marketing plans; contracts; personal information about an individual party or non-party former or current members or employees, specifically including: names, addresses, Social Security numbers, donation information, and personal financial information.

3. One of the purposes of this Protective Order is to Permit the State of Colorado and/or the Department of Motor Vehicles and/or counsel for the same to review donor lists from Plaintiff Raptor Education Foundation ("REF") and Rocky Mountain Raptor Program ("RMRP") related to persons who received vouchers for the license plate in question and compare the same list maintained by the State related to persons who actually obtained a license plate using REF and RMRP vouchers. Both the State, REF and RMRP assert that donor lists including lists of persons provided with vouchers and/or who obtained the license plates is confidential and contains sensitive personal and business information REF and RMP agree to provide counsel for the State with lists of persons who received vouchers for the license plate in question. The State will then compare the REF and RMRP lists with the list of persons who were issued the specialty license plate in question and provide counsel for REF and RMRP with the number of

license plates obtained with REF vouchers and the number of license plates obtained with RMRP vouchers from July 1, 2009 until the present. Upon completion of this review by the State, the State shall return the REF and RMRP lists to REF and RMRP without making any copies of the lists and without disclosing the lists to any person, party or entity. Both REF and RMRP agree they will not subpoena the REF and RMRP lists from the State.

4.    Where Confidential Information is produced, provided, or otherwise disclosed by a party in response to any discovery request or through discovery, it will be designated in the following manner:

a.    By imprinting the word "Confidential" on the first page or cover of any document produced;

b.    By imprinting the word "Confidential" next to or above any response to a discovery request or informal discovery;

c.    With respect to deposition testimony, by designating specific portions of testimony as "Confidential" within thirty days of receipt of the deposition transcript by the parties.

d.    Before they are produced, the producing party may redact Social Security numbers, addresses, and first and last names related to any donor or customer lists along with other identifying information such as addresses, phone numbers and/or other identifying personal information. During the pendency of this action, the other party's counsel may upon court order or agreement of the parties inspect the original files from which any of this information was redacted upon a showing of substantial need.

3

5.   All Confidential Information provided by a party shall be subject to the following restrictions:

   a.   It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b.   It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except that information designated "Confidential" may be disclosed for purposes of this case if an affidavit in the form of **Exhibit A** has been signed.

6.   Confidential Information designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons other than the Producing party:

   a.   The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

   b.   Counsel to the parties who have entered appearances in this action, and legal, clerical, paralegal and secretarial staff employed or retained by such counsel, including outside copying services.

   c.   Experts or consultants retained in connection with this action in accordance with the terms of paragraph 7;

   d.   Deposition witnesses in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness signs an affidavit in the form attached as **Exhibit A** and thereby agrees to be bound by the terms of this Order, or (ii) if such witness refuses to sign an affidavit, and such refusal is

4

noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to the Confidentiality Order in this case, may be used only in connection with that deposition and may not be communicated to any other person, and that the witness is subject to the Confidentiality Order and any misuse of the Confidential Discovery Material will violate the Court's Order and will be punished as a contempt of Court.

     e.    The claims counsel or representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action.

     7.    The party's counsel who discloses another party's Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information.

     8.    During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the affidavits retained by counsel pursuant to paragraph 7 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel 's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

9.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

10.     If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other party's counsel in writing of the specific grounds of the objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve the dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, it shall be the obligation of the producing party to file an appropriate motion requesting that the Court determine whether the disputed information should be designated as "Confidential," and the producing party shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential." Such motion shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion. If the producing party fails to file the motion within a reasonable time, the disputed information shall lose its designation as "Confidential."

11.     In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of

the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2.

12.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13.    By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.    No later than (60) days following the unappealed or unappealable final resolution or settlement of this action, each party's counsel shall immediately destroy all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. Counsel shall provide all parties with a letter confirming the destruction. Notwithstanding the above, counsel of record may retain a set of pleadings, exhibits, and their own attorney and consultant work product for archival purposes, including portions of any such papers that contain or disclosure "Confidential" information.

15.    Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection for the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this \_\_\_\_1ˢᵗ\_\_\_\_ day of \_\_\_November\_\_\_, 2010.

BY THE COURT:

_(signature)_

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

APPROVED:

*s/ Stefania Scott*
John Tanner
Stefania Scott
Counsel for Plaintiff Raptor Education Foundation
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203
303-830-2400 – phone
303-830-1033 – fax
jtanner@fwlaw.com
sscott@fwlaw.com


*s/ Jillian Price*
Tiffaney Norton
Jillian Price
Counsel Defending Rocky Mountain Raptor Program
Senter Goldfarb & Rice LLC
1700 Broadway, Suite 1700
Denver CO 80290
303-320-0509 – phone
303-320-0210 – fax
tnorton@sgrllc.com
jprice@sgrllc.com


*s/ Stephen Baity*
Stephen Baity
Counsel for Counterclaimant Rocky Mountain Raptor Program
Godin & Baity LLC
1050 Seventeenth Street, Suite 1610
Denver, CO 80265
303-572-3100 – phone
303-572-3400 – fax
sbaity@godinbaity.com

*s/ Todd S. Larson*
Todd S. Larson
Senior Assistant Attorney General
Counsel for the State of Colorado/Department of Motor Vehicles
1525 Sherman St., 5th Floor
Denver, CO 80203
(303) 866-5453
(303) 866-5395 (fax)
todd.larson@state.co.us

# **EXHIBIT A**

## **AFFIDAVIT**

I, _____, hereby acknowledge that I

have read this *Stipulation and Protective Order*, understand it, and will be bound by the terms

hereof.


_____          _____
Date                                                        Printed Name


                                                             _____
                                                             Signature


STATE OF _____     )
                                                  ) ss:
COUNTY OF _____      )


Subscribed and sworn to before me this _____ day of _____ , _____,

by _____ personally.


                                                             _____
                                                             Notary Public


My commission expires: _____

Seal:

11

00455332