IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 10-cv-01222-WDM-MJW

RAPTOR EDUCATION FOUNDATION, a Colorado corporation,

    Plaintiff,

v.

ROCKY MOUNTAIN RAPTOR PROGRAM, a Colorado corporation,

    Defendant.

---

## ORDER ON PARTIAL MOTION TO DISMISS

Miller, J.

This matter is before me on the Partial Motion to Dismiss Plaintiff's Lanham Act Claims and State Law Claims (Second Through Sixth Claims for Relief) (ECF No. 7) filed by Defendant Rocky Mountain Raptor Program ("RMRP").  Plaintiff opposes the motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required.  For the reasons that follow, the partial motion to dismiss will be denied.

### Background

According to the Plaintiff's Complaint (ECF No. 5), Plaintiff, a Colorado not-for-profit corporation, signed a contract in 1999 with the Colorado Department of Motor Vehicles to get a specialty license plate issued.  The plate features a drawing of the head of an eagle (or other bird of prey) and the words "Respects Wildlife."  Thereafter, Plaintiff obtained a trademark registration from the State of Colorado regarding the plate.  In 2001, Plaintiff obtained a copyright from the United States Copyright Office over the plate's design.  A condition of issuance of the plate was that the person obtaining the specialty plate be a

member of Plaintiff's organization. However, earlier this year, the state legislature amended the statute governing specialty license plates to permit issuance of the plate to members of RMRP, another Colorado not-for-profit organization. RMRP then began using an essentially identical plate as a membership attractor, providing a voucher for the plate to its members. RMRP also put images of the license plate on its website and in its promotional materials, all without the authorization of Plaintiff.

Plaintiff filed this lawsuit asserting the following claims for relief: (1) copyright infringement; (2) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition in violation of the Lanham Act; (4) false advertising in violation of the Lanham Act; (5) unfair competition in violation of state law; and (6) violation of the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6-1-101, *et seq.*

## Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

1. <u>Lanham Act Claims</u>

RMRC seeks dismissal of Plaintiff's Lanham Act claims on the grounds that the statute does not apply because RMRP's actions in connection with Plaintiff's trademarked

and copyrighted materials do not affect interstate commerce.

The Lanham Act imposes liability on any person who uses a registered mark "in commerce" without the consent of the registrant, 15 U.S.C. § 1114(1)(a), and on any person "who, on or in connection with any goods or services . . . uses in commerce any word, term name, symbol, or device, or any combination thereof, or any false designation of origin, . . . which . . . is likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A).  "Commerce" means "all commerce which may lawfully be regulated by Congress," 15 U.S.C. § 1127, which encompasses interstate commerce and any intrastate commerce having a substantial effect on interstate commerce. *Council of Better Business Bureaus, Inc. v. Bailey & Associates*, 197 F.Supp.2d 1197, 1212 (E.D. Mo. 2002) (citing *Lyon v. Quality Courts United, Inc.*, 249 F.2d 790, 795 (6th Cir.1957)). "A substantial effect on interstate commerce can be found from local acts of infringement, as these tend to jeopardize the good name of the plaintiff's product, or diminish the registrant's ability to control and sustain its registration." *Id.* (citing *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 120 (9th Cir. 1968), *cert. denied*, 391 U.S. 966 (1968)). The "use in commerce" requirement is a jurisdictional predicate of the Lanham Act. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1194-95 (11th Cir. 2001).

RMRP argues that Plaintiff's Complaint does not sufficiently allege any facts that would establish a connection between RMRP's alleged infringement and interstate commerce. RMRP notes that under Colorado law, the state Department of Motor Vehicles issues license plates, including specialty plates, to owners of vehicles registered in Colorado.  C.R.S. § 42-3-201, § 42-3-207.  Only state residents may receive specialty

3

plates such as those designed by Plaintiff. Colo. Code Regs.§ 204-14:9(2.3). Because the state may not issue plates for vehicles not registered in Colorado and only the state may issue the license plates, RMRP contends there is no effect on interstate commerce.

In response, Plaintiff argues that since RMRP posted unauthorized images of the plate design on its website, and the Internet is an instrumentality of interstate commerce, the interstate commerce requirement is satisfied. Specifically, Plaintiff asserts that since RMRP solicits membership on its website and the website reaches across state lines, interstate commerce is implicated. Plaintiff also argues that RMRP issues vouchers for the license plates to its members and that some members may not be Colorado residents.

Under Tenth Circuit law, "the defendant in a trademark infringement and unfair competition case must use the mark in connection with the goods and services of a competing producer." *Utah Lighthouse Ministry v. Foundation for Apologetic Information and Research (Fair)*, 527 F.3d 1045, 1053 (10th Cir. 2008). While the Internet "is generally an instrumentality of interstate commerce . . . this does not mean that any use of the Internet is necessarily commercial for the purposes of the Lanham Act." *Id.* at 1054. Here, the protected design has allegedly been used to solicit membership and in connection with the offering of a specialty license plate, which can only be obtained by a resident of Colorado within the state of Colorado. With regard to the license plate, there may be a question whether the specific activity associated with Plaintiff's protected design[1] has any economic impact outside of the state. However, the pleadings claim the use of the plate to solicit membership throughout the world, which may be found to be a commercial use

---

[1] Indeed, even Plaintiff's activities with respect to the design appear to be entirely intrastate.

in interstate commerce. Accordingly, the Complaint states enough facts to state a plausible claim.

2.   State Law Claims

RMRP argues that the fifth claim for unfair competition and sixth claim for violation of the CCPA are barred because they are duplicative of the copyright claims and therefore preempted. In general, a state law claim is preempted by the federal Copyright Act, 17 U.S.C. 301 if it the work is within the subject matter of the copyright and the rights granted under state law are equivalent to any exclusive rights under federal copyright. *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 846-48 (10th Cir. 1993). RMRP contends that because the work at issue is copyrighted and the state law claims are equivalent to the rights granted under copyright, the state claims are preempted.

In response, Plaintiff argues to the extent its claims are based on RMRP's use of a similar voucher the copyright is not implicated. In addition, Plaintiff notes that RMRP contests Plaintiff's copyright and, therefore, if the copyright claim fails the state law claims should be permitted in the alternative. I agree that, at a minimum, Plaintiff may plead these claims in the alternative and so do not reach the issue of whether they are preempted. Therefore, I will not dismiss Plaintiff's state law claims based on the pleadings.

Accordingly, it is ordered that RMRP's Partial Motion to Dismiss Plaintiff's Lanham Act Claims and State Law Claims (Second Through Sixth Claims for Relief) (ECF No. 7)

is denied.

DATED at Denver, Colorado, on November 3, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge